OPINION
{¶ 1} This is an appeal from a decision of the Guernsey County Common Pleas Court, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this action had previously been married and during these events, a divorce was pending. Appellant-mother, April D. Leasure is the mother of two children, Mika, age six (6) and Michael, age seven (7). A shared parenting arrangement had been agreed upon with appellant providing the primary residence for Mika and appellee-father's residence being primary for Michael.
 {¶ 3} On August 10, 2003, appellant's male companion was arrested on drug charges and appellant was jailed for two days, but no charges were filed against her.
 {¶ 4} Appellee notified the court by letter of these matters and the court ex parte placed Mika with him.
 {¶ 5} On March 16, 2004, appellant filed a motion for change of residential parent and legal custodian. Such was heard on October 14, 2004. On November 2, 2004, the court denied such motion, determining that it was in the best interest of the children and that no change in circumstances had occurred.
 {¶ 6} Three assignments of error have been filed:
 ASSIGNMENTS OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED IN FINDING THAT THERE HAD BEEN A CHANGE OF CIRCUMSTANCES TO WARRANT THE REMOVAL OF MIKA LOGWOOD FROM THE APPELLANT, AS THAT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS AN ABUSE OF DISCRETION BY THE COURT.
 {¶ 8} "II. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT SHOULD NOT BE RETURNED CUSTODY OF THE MINOR CHILD MIKA LOGWOOD, OR THAT A CHANGE IN CIRCUMSTANCES HAD NOT OCCURRED AND ABUSED ITS DISCRETION BY CONTINUING THE PREVIOUS ORDER.
 {¶ 9} "III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO SECURE WITNESSES WHO WOULD HAVE TESTIFIED FAVORABLY, ON APPELLANT'S BEHALF."
 I. {¶ 10} In her first assignment of error, Appellant asserts that the Order removing Mika from her custody was against the manifest weight of the evidence. We disagree.
 {¶ 11} It is not necessary to consider the standard applicable to manifest weight as the Order in this matter was issued on August 20, 2003, and no appeal was taken within the prescribed thirty (30) days.
 {¶ 12} As this Court lacks jurisdiction as to this first assignment of error, said assignment is dismissed.
 II. {¶ 13} In her second assignment of error, Appellant claims that the trial court committed an abuse of discretion in its November 2, 2004 Order by denying her motion for a change as to residential parent status and legal custodian. We disagree.
 {¶ 14} The statute as to change of circumstances is R.C.3109.04(E)(1)(a), which states, in relevant part:
 {¶ 15} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 16} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 17} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent."
 {¶ 18} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 19} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 20} Most of the arguments in support of this Assignment relate to the August 20, 2003, decision and are not pertinent to our consideration.
 {¶ 21} Also, the lack of change in circumstances required by R.C.3109.04 would relate to the matters before the Court as to the decision issued in November, 2004, not to such prior decision.
 {¶ 22} The record of the November hearing is devoid of evidence from Appellant to such effect and such statute would therefore limit the trial court's action in modifying the unappealed Order of August, 2003, as the statutory argument is adverse to Appellant rather than in her favor,
 {¶ 23} Further, we find nothing in the record indicating that the trial court acted unconscionably or arbitrarily.
 {¶ 24} Appellant's second assignment of error is overruled.
 III. {¶ 25} In her third assignment of error, Appellant argues that she was denied the effective assistance of counsel. We disagree.
 {¶ 26} The doctrine of ineffective assistance of counsel is applicable to criminal cases and those of permanent custody and therefore is inapplicable.
 {¶ 27} Appellant's third assignment of error is overruled.
 {¶ 28} The decision of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
Boggins, P.J., Wise, J., concurs Edwards, J., dissents.