OPINION
{¶ 1} The sole issue in this case is whether foster parents have the right to intervene and move for custody of a child who has been in their foster care and removed from their home. Because we find the orders appealed from were not final appealable orders, we dismiss the instant appeal as prematurely filed. The relevant facts leading to this appeal are as follows.
 {¶ 2} Charles Fell was born on January 21, 2004. The Guernsey County Children's Services Board ("Agency") sought immediate temporary custody of the child due to concerns regarding the mental health of the mother, Martha Fell. The father, Jeff Stevens, has chosen not to be a part of his son's life. The Agency placed the child in foster care with Kevin and Lori Sullivan, the appellants, two days after his birth.
 {¶ 3} On April 14, 2004, Charles Fell was found to be a dependent child. The Agency continued to have temporary custody over the child, and chose to continue to have the appellants serve as the child's foster parents. On June 10, 2004, the Agency filed for permanent custody of Charles Fell.
 {¶ 4} In July 2004, the Agency discovered that there were biological relatives of the child who would be willing to adopt the child. Following the preferential treatments in the Ohio Administrative Code, the Agency began investigating these relatives, the Ashcraft's, as a possible permanent placement for the minor. In September, 2004, a new case plan was approved by the Juvenile Court of Guernsey County, Ohio, which provided that Charles Fell would continue to stay with the appellants, but also provided that he would spend three days a week with the Ashcraft family.
 {¶ 5} On September 17, 2004, the appellants filed a Motion for Legal Custody of Charles Fell pursuant to R.C. 2151.353 (A) (3) along with Motions to Intervene and to Stay the Removal of Charles Fell from their home. The parties briefed the issues and submitted the motions to the court. On November 29, 2004, the Juvenile Court ruled that the appellants did not have a right to intervene and determined the remaining motions were moot. It is from the denial of these motions that the appellants have filed the instant appeal raising the following two assignments of error for our consideration:
 {¶ 6} "I. The trial court erred in ruling that because a motion for permanent custody had been filed, the foster parents did not have a right to intervene in this matter.
 {¶ 7} "II. The trial court erred in ruling that because the foster parents did not have a right to intervene in the permanent custody hearing, the foster parents were prohibited from litigating their motion for custody."
 I. II. {¶ 8} The sole issue in this case is whether foster parents have a right to intervene and move for custody of a child who has been in their foster care and then removed from their home.
 {¶ 9} We do not have in the record before this court any judgment entry either granting or denying the Agency's Motion for Permanent Custody. Nor do we have any Judgment Entry granting a disposition and placement of the minor child. In a direct appeal, a reviewing court may only consider what is contained in the trial court record. See, e.g.,State v. Ishmail (1976), 54 Ohio St.2d 402, 377 N.E.2d 500, syllabus.
 {¶ 10} A Motion to Intervene can take one of two forms. Civ.R. 24(A)(2) sets forth the relevant requirements for intervention of right: "(A) Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 11} "Thus, the application must be timely and the applicant must show three conditions exist:
 {¶ 12} "`* * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest.' (Footnote omitted.) McCormac, Ohio Civil Rules Practice (1970) 80-81, Section 4.36." Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352,505 N.E.2d 1010, 1013.
 {¶ 13} Civ.R. 24(A) (2) sets forth the relevant requirements for permissive intervention: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 {¶ 14} "Appellants do not have a valid interest in the permanent custody proceeding that will not be adequately protected unless appellants are allowed to intervene. At a permanent custody proceeding the only determination to be made is whether parental rights should be terminated. Schmidt, [1986), 25 Ohio St.3d 331] supra. Appellants' interest in obtaining custody and visitation of the boys is tangential to the permanent custody proceedings. Furthermore, appellants' desire to be awarded legal custody is not a legally protectable interest. Palmer
[(Apr. 12, 1983), Stark App. No. CA-6026, unreported] , Hunt [(Nov. 26,1985), Lawrence App. No. 1762, unreported] , Schmidt, supra." In reThompson (April 18, 1995), 10th Dist. Nos. 94APF08-1144, 94APF08-1145.
 {¶ 15} Accordingly, the denial of the motion to intervene is not a final appealable order since the denial of the motion did not affect a substantial right. See Holibaugh v. Cox (1958), 167 Ohio St. 340,148 N.E.2d 677; Blackburn v. Hamoudi, supra; R.C. 2505.02(B).
 {¶ 16} Nor did the trial court's dismissal of the appellant's motion for custody affect a substantial right so as to make the denial of the motion a final appealable order pursuant to R.C. 2905.02(B).
 {¶ 17} The only disposition option available at a permanent custody hearing held pursuant to R.C. 2151.414 is the determination to deny or grant the permanent custody motion. Greene, supra; In re Schmidt (1986),25 Ohio St.3d 331. In their motion, appellants seek legal custody pursuant to R.C. 2151.353(A) (3); legal custody and permanent custody are alternative disposition choices. R.C. 2151.353(A). Accordingly, R.C.2151.353(A) (3) does not authorize appellants to intervene in the adjudicatory permanent custody proceeding and move for legal custody of the children. In re Thompson, supra. The dispositional options set forth in R.C. 2151.353 have no bearing on a permanent custody proceeding pursuant R.C. 2151.414. Id.
 {¶ 18} Until the child has been permanently awarded to the Agency, the wishes or rights of the foster parents are mere expectancies. In re:Hunt (Nov. 11, 1985), 4th Dist. No. 1762. On the record before us, it has not been determined that there is no possibility of reuniting this child with his mother. That may happen. It is also possible that all parental rights may never be terminated because, based on the facts and circumstances of this case, perhaps the best interests of the child would be served by maintaining temporary custody. These determinations have yet to be made, at least on the record before this court. Until such a decision is made, any consideration of custody would be counterproductive of the case plan goals, and would be premature. In r: McDaniel, 11th
Dist. Nos. 2002-L-158, 2002-L-159, 2004-Ohio-2595 at ¶ 28.
 {¶ 19} For the foregoing reasons, appellants' assignments of error are dismissed as being premature.
Gwin, P.J., and Farmer, J., concur.
Hoffman, J., concurs in part; dissents in part