[Cite as *In re A.L.*, 2012-Ohio-483.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
| A.L. and | Hon. John W. Wise, J. |
| J.L. | Case No. 11 CA 25 |

DEPENDENT/NEGLECTED CHILDREN        O P I N I O N

|  |  |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No.  09 JC 609 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 8, 2012 |

APPEARANCES:

For Appellee                                For Appellant

AMBER D. WOOTTON                RONALD C. COUCH
ASSISTANT PROSECUTOR          121 West 8th Street
139 West 8th Street, P. O. Box 640   Cambridge, Ohio  43725
Cambridge, Ohio  43725

*Wise, J.*

{¶1}   Appellant-Father Terry Kaczur appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted permanent custody of the minor children A.L. and J.L. to Appellee Guernsey County Children Services Board ("GCCSB"). The relevant facts leading to this appeal are as follows.

{¶2}   Appellant is the father of one of the two children at issue in this matter, A.L., born in 1996. The other child J.L., was born in 2002.[1] The children's mother is Debra Lucas, who has filed a separate appeal.

{¶3}   On October 28, 2009, GCCSB filed a complaint in the Guernsey County Court of Common Pleas, Juvenile Division, alleging A.L and J.L. to be dependent, and/or neglected. GCCSB filed the complaint based on concerns about Debra's mental health issues and Debra not providing proper health care concerning A.L. Both children were placed in temporary agency care via an ex parte order.

{¶4}   The matter proceeded to an adjudicatory hearing on December 17, 2009. The trial court thereafter issued a judgment entry finding A.L. to be neglected and J.L. to be dependent.

{¶5}   In the meantime, Appellant Kaczur and his mother, Carolyn Wigger, each filed a motion for custody of both children.

{¶6}   On September 15, 2010, GCCSB filed a motion for permanent custody of A.L. and J.L.. Evidentiary hearings were conducted on the permanent custody motion on January 13, March 28, and July 15, 2011.

---

[1]   As of the date of the judgment entry under appeal, J.L.'s paternity had not been established. Appellee GCCSB does not appear to challenge appellant's standing to appeal as to both children.

{¶7}   After hearing the evidence, the trial court issued a judgment entry on August 3, 2011, granting permanent custody of A.L. and J.L. to the agency.

{¶8}   On August 17, 2011, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶9}   "I.   THE TRIAL COURT ERRED IN FINDING THAT THE CHILDREN COULD NOT BE PLACED WITH THE MOTHER IN A REASONABLE AMOUNT OF TIME PURSUANT TO O.R.C. SEC. 2151.414(B)(2).

{¶10}  "II.   THE TRIAL COURT ERRED IN FINDING THAT PERMANENT CUSTODY WAS IN THE BEST INTERESTS OF THE CHILDREN UNDER O.R.C. SEC. 2151.414(D).

{¶11}  "III.   THE TRIAL COURT ERRED IN FINDING THAT IT SHOULD NOT PLACE THE CHILDREN WITH CAROLYN WIGGER[,] THE PATERNAL GRANDMOTHER OF A.L.

I.

{¶12}  In his First Assignment of Error, appellant contends the trial court erred in granting permanent custody of A.L. and J.L. to the agency. We disagree.

{¶13}  As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App.No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d

279, 376 N.E.2d 578. Furthermore, it is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., *In re Brown,* Summit App.No. 21004, 2002-Ohio-3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. In the case sub judice, the trial court relied on R.C. 2151.414(B)(2), which states as follows:

{¶14} "With respect to a motion made pursuant to division (D)(2) of section 2151.413 of the Revised Code, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest."[2]

{¶15} In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[f]ollowing the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and

---

[2]    Appellant has not herein specifically challenged the trial court's utilization of R.C. 2151.414(B)(2), which has a narrower application than R.C. 2151.414(B)(1)(a). See *In re A.U.,* Montgomery App. No. 22264, 2008–Ohio–186, ¶ 17. We decline to examine this issue sua sponte.

rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties." See R.C. 2151.414(E)(1).

{¶16} At the outset, we note that Appellant-Father, who is on sex offender probation in Florida, does not herein argue for custody to himself. He was not part of the case plan; his procedural stance in this appeal is challenging permanent custody per se and/or advocating that his mother, Carolyn Wigger, should be named custodian, as further analyzed in the third assigned error, infra.

{¶17} The record in the case sub judice reveals that A.L. has Hodgkin's Lymphoma and thus has specific medical needs. The mother, Debra Lucas, was evaluated by Gary Wolfgang, Ph.D., and found to be "floridly psychotic," diagnosed with paranoid schizophrenia. Dr. Wolfgang expressed concerns over mother's ability to properly care for the children. According to the case worker, Johnna Denbow, mother was compliant with most aspects of her case plan, but there have been questions as to mother's consistency in taking her psychotropic medication. Appellant nonetheless maintains that mother was "completely compliant" with the case plan (Appellant's Brief at 10); however, even where a parent has participated in his or her case plan and completed most or all of the plan requirements, a trial court may still properly determine that such parent has not substantially remedied the problems leading to agency involvement. See, e.g., *In re Pendziwiatr/Hannah Children*, Tuscarawas App.No. 2007 AP 03 0025, 2007-Ohio-3802, ¶ 27.

{¶18} Upon review, we find the trial court did not commit reversible error, as urged by appellant, in determining that A.L. and J.L. could not or should not be placed with the mother, Debra Lucas, within a reasonable time under R.C. 2151.414(B)(2).

{¶19} Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶20} In his Second Assignment of Error, appellant contends the trial court erred and abused its discretion in finding the children's best interests would be served by granting permanent custody to the agency. We disagree.

{¶21} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

{¶22} In determining the best interest of a child for purposes of permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:

{¶23} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

{¶24} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

**{¶25}** "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

**{¶26}** "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

**{¶27}** "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

**{¶28}** The record indicates that although A.L. and J.L. love their mother and have looked forward to visits, A.L. has stated that she does not wish to return to living with her mother. Both children were described as adjusting well to foster care. Appellant, who lives out-of-state, has seen the children only once in the last decade, although he has kept up with telephone contact and birthday gifts. The children were "ambivalent" about maintaining contact with appellant. Furthermore, appellant is not under any child support order. The guardian ad litem and CASA advocate have both strongly recommended permanent custody and the need for a stable environment.

**{¶29}** Upon review, we find the trial court did not err in determining the best interests of the children would be best served by granting permanent custody to GCCSB.

**{¶30}** Appellant's Second Assignment of Error is overruled.

III.

{¶31} In his Third Assignment of Error, appellant contends the trial court erred in denying his mother, Carolyn Wigger's, motion for custody of both children. We disagree.

{¶32} One of the dispositional alternatives available to a juvenile court in certain cases is relative custody. See R.C. 2151.415(F) and R.C. 2151.415(A)(3). However, the Ohio Supreme Court has determined that the duty of a court in determining the best interest of a child does not include a finding that no suitable relative is available for placement. See *In re Schaefer* (2006), 111 Ohio St.3d 498.

{¶33} In the case sub judice, Carolyn Wigger, the paternal grandmother of A.L. and purported paternal grandmother of J.L., lives in Florida and has had limited contact with the children. Evidence was presented to the trial court that interstate home studies have twice resulted in negative recommendations, in part because of multiple instances of lack of cooperation with appointments and failure to provide needed information by Ms. Wigger.

{¶34} Under the facts and circumstances presented in the case sub judice, we hold the trial court did not err or abuse its discretion in declining to award custody to Ms. Wigger in lieu of permanent custody.

{¶35} Appellant's Third Assignment of Error is overruled.

{¶36} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0130

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                          :
                                           :
    A.L. and                               :          JUDGMENT ENTRY
                                           :
    J.L.                                   :
                                           :
DEPENDENT/NEGLECTED CHILDREN    :          Case No. 11 CA 25


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.

Costs assessed to appellant.


_____


_____


_____

JUDGES