[Cite as *In re L.J. W.*, 2016-Ohio-7054.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| L. J. W. | |
| | Case No. 16 COA 013 |
| A DEPENDENT CHILD | |
| | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Juvenile Division, Case No. 2014
0207

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:      September 28, 2016

APPEARANCES:

For Appellant-Mother                     For Appellee ACDJFS

KAREN DESANTO-KELLOGG        CHRISTOPHER R. TUNNELL
432 Center Street                          PROSECUTING ATTORNEY
Ashland, Ohio  44805                      EMILY M. BATES
                                                  ASSISTANT PROSECUTOR
                                                  110 Cottage Street, Third Floor
                                                  Ashland, Ohio  44805

*Wise, J.*

{¶1} Appellant-Mother Chelsea Fown Hoos appeals the decision of the Ashland County Court of Common Pleas, Juvenile Division, which granted a dispositional order of legal custody of appellant's son to the child's paternal grandmother. The relevant facts leading to this appeal are as follows:

{¶2} The child at the center of this case is L.J.W., born in 2007 to appellant and Geremy Woods. On August 4, 2014, as a result of a dependency complaint, L.J.W. was ordered into the shelter care of the Ashland County Department of Job and Family Services, Children Services Division ("ACDJFS"). Included in the agency's complaint were concerns about caregiver drug use.

{¶3} On December 3, 2014, following L.J.W.'s adjudication as a dependent child, the case proceeded to disposition. At the time of said dispositional hearing, both parents were facing indictments for felony drug charges. The trial court, via a judgment entry issued February 13, 2015, proceeded to maintain the child in the temporary custody of ACDJFS.[1]

{¶4} In July and August 2015, appellant-mother filed several pleadings requesting custody of L.J.W. However, on August 25, 2015, ACDJFS requested via written motion that the trial court modify its prior disposition and grant legal custody of the child to his paternal grandmother, Valerie Woods. On the same day, ACDJFS filed a motion for contempt of court against appellant. An evidentiary hearing on the various motions took place on January 8, 2016. Appellant did not appear. Appellant's trial attorney

---

[1] We surmise that these proceedings were under a different trial court case number, as the trial court filings before us did not commence until July 9, 2015.

advised the court that appellant was aware of her obligation to come to the hearing, but that she would not be attending. *See* Tr. at 5-7. However, appellant's trial attorney did not request a continuance on the record. *See* Tr. at 7-8.

{¶5} Although the trial court considered issuing a warrant for appellant's arrest, that issue was apparently taken under advisement, and the court then went forward with the hearing. *See* Tr. at 5-8. Among other things, the agency's ongoing caseworker, Jennifer Boerwinkle, testified that L.J.W. had been placed with his paternal grandmother, Valerie Woods, since initial agency involvement in July 2014. Tr. at 10. The caseworker also testified that the child was "well bonded" with Ms. Woods, and that his needs were met at Ms. Woods' home. Tr. at 15. Furthermore, Ms. Woods testified that she had taken foster parenting classes in an attempt to become a licensed foster parent. Tr. at 82.

{¶6} On February 3, 2016, after taking the matter under advisement, the trial court issued a fifteen-page judgment entry awarding legal custody of L.J.W. to Ms. Woods, with accompanying orders addressing parenting time, child support, and other matters.

{¶7} Appellant filed a notice of appeal on February 8, 2016. She herein raises the following sole Assignment of Error:

{¶8} "I. APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶9} In her sole Assignment of Error, appellant contends she received ineffective assistance of trial counsel during the proceedings leading to the trial court's decision to award legal custody of L.J.W. to his paternal grandmother.

{¶10} A parent has a fundamental liberty interest in the care, custody, and management of his or her child. *See In re Gower/Evans Children,* 5th Dist. Tuscarawas No. 06AP060034, 2006-Ohio-5676, 2006 WL 3071339, ¶ 28, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. In Ohio, the statutorily permissible dispositional alternatives in a dependency, neglect, or abuse case are enumerated in R.C. 2151.353(A). *See, e.g., In re S.Y.,* 5th Dist. Tuscarawas No. 2011AP040018, 2011–Ohio–4621, ¶ 31. In particular, R.C. 2151.353(A)(3) provides: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. ***."

{¶11} In comparison, the disposition of committing an abused, neglected, or dependent child to the permanent custody of a public children services agency or private child placing agency is addressed in R.C. 2151.353(A)(4). Thus, legal custody and permanent custody in this context are alternative dispositional choices. *See In re Fell*, 5th Dist. Guernsey No. 2004-CA-39, 2005-Ohio-2415, ¶ 17.

{¶12} This Court has recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. However, we have not expanded the doctrine of ineffective assistance of counsel beyond criminal cases and those involving permanent custody. *See In re Logwood,* 5th Dist. Guernsey No. 2004–CA–38, 2005–Ohio–3639, ¶ 26. The matter before us did not result in an order of permanent custody to ACDJFS. *See, also*, R.C.

2151.011(B)(32). We therefore will not further address appellant's sole Assignment of Error. *Accord In re W.A.*, 5th Dist. Muskingum No. CT2013-0002, 2013-Ohio-3444, ¶¶ 31-33.

{¶13} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.

JWW/d 0912