[Cite as *In re C.M.C.*, 2021-Ohio-314.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.M.C., ET AL. | : | |
| | : | Nos. 109545 and 109546 |
| Minor Children | : | |
| | : | |
| [Appeal by Ch.M., Mother, and | : | |
| Cha.M., Aunt] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 4, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD17912469 and AD17912470

***Appearances:***

The Law Office of Mark E. Porter and Sean R. Porter, *for appellants*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amy L. Carson and Joseph C. Young, Assistant Prosecuting Attorneys, *for appellee* Cuyahoga County Division of Children and Family Services.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellants, Ch.M. ("Mother") and Cha.M. ("Maternal Aunt 1"), appeal from the decision of the trial court awarding legal custody of the minor children,

C.M.C. and B.M., to their maternal aunt, Cham.M. ("Maternal Aunt 2"). Appellants raise the following assignments of error for review:

> 1. The trial court erred to the prejudice of the Mother and Maternal Aunt [1] by failing to allow their due process rights in giving a lack of reasonable notice, and a reasonable opportunity to respond to the magistrate's decision from January 2, 2020.
>
> 2. The trial court abused its discretion by failing to grant the Mother and Maternal Aunt [1]'s motion for relief from judgment pursuant to Ohio Civ.R. 60(B)(5).
>
> 3. [Mother] was deprived of the effective assistance of counsel where counsel failed to adequately prepare for trial, and failed to serve in the best interests of his client.

**{¶ 2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

**{¶ 3}** Mother is the biological mother of C.M.C., born April 10, 2016, and B.M., born July 26, 2017. The children's alleged biological father, L.C. ("L.C."), is not a party to this appeal.

**{¶ 4}** On August 17, 2017, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or the "agency") filed a complaint alleging that the child B.M. was abused and that both B.M. and C.M.C. were dependent. The complaint sought a disposition of temporary custody to CCDCFS based on the following allegations:

> 1. B.M. tested positive for marijuana at her birth. Mother tested positive for marijuana twice during her pregnancy with the child.

2. Mother has a substance abuse problem, specifically with marijuana. She completed a substance abuse assessment but has not followed through with resulting recommendations.

3. Mother is diagnosed with paranoid schizophrenia and depression. She has failed to consistently participate in recommended treatment services.

4. Mother has an older child who was adjudicated as neglected and dependent and another child who was adjudicated dependent due in part to mother's mental health and substance abuse issues. * * * These children are now in the legal custody of relatives.

5. Alleged father, [L.C.], has failed to establish paternity. His ability to care for the children is unknown at this time.

6. Alleged father, John Doe, has failed to establish paternity and has failed to support, visit, or communicate with the children since their births.

{¶ 5} On September 11, 2017, the children were placed in the emergency temporary custody of CCDCFS. The agency elected to place the children with Maternal Aunt 2 pending resolution of the complaint.

{¶ 6} On September 21, 2017, Maternal Aunt 1 filed a motion to intervene and a motion for temporary and legal custody of the children. In each motion, Maternal Aunt 1 expressed her desire to protect, care, and provide for the children. She noted that she had previously been granted legal custody of the children's older sibling, D.M., and expressed her belief that it was in the children's best interests to be placed in her legal custody until Mother "addresses her substantial mental health and substance abuse problems."

{¶ 7} The adjudication hearing commenced on October 26, 2017. At the conclusion of the hearing, B.M. was adjudicated abused and dependent; C.M.C. was adjudicated dependent. The court found, in relevant part:

> The court finds that the allegations of the complaint have been proven by clear and convincing evidence. The court finds that the baby [B.M.] did test positive for marijuana at the time of her birth which is prima facie evidence of abuse.

> It is therefore ordered that the child, [B.M.], is adjudicated to be an abused and dependent child. Based upon Mother's admitted mental health history of depression and PTSD, the sibling [C.M.C.] is adjudicated as dependent due to the physical and mental condition of the parent.

{¶ 8} On January 12, 2018, Maternal Aunt 2 filed a motion to intervene and motion for legal custody of the children. In each motion, Maternal Aunt 2 advised the court that she "has been successfully caring for [B.M.] since September 4, 2017, and [C.M.C.] since October 3, 2017." Maternal Aunt 2 described the significant developmental progress each child made under her supervision and expressed her desire to continue her care for each child.

{¶ 9} Between January and March 2018, hearings were held to address the status of Mother's compliance with her case plan for reunification and the competing motions filed by Maternal Aunts 1 and 2. During these proceedings, testimony was adduced regarding the negative relationship Mother shares with Maternal Aunt 2. Mother expressed that, if necessary, the children should be placed with Maternal Aunt 1, who is more supportive of Mother. However, CCDCFS expressed concerns with placing the children with Maternal Aunt 1 because she was difficult to contact and was not "open and honest with the caseworker." Similarly,

the children's guardian ad litem (the "GAL") recommended that temporary custody be granted to the agency and placement remain with Maternal Aunt 2.

{¶ 10} On July 19, 2018, the trial court issued a journal entry committing the children to the temporary custody of Maternal Aunt 1. Contrary to the recommendations of CCDCFS and the children's GAL, the trial court found that Maternal Aunt 1 was an appropriate custodian and offered "the best opportunity for supportive services towards reunification." The court determined that placement in Maternal Aunt 2's home would not be in the children's best interests because her "toxic relationship" with Mother "has a severe chilling effect on Mother's progress [towards reunification.]"

{¶ 11} On September 6, 2018, CCDCFS filed a motion requesting the trial court modify its prior order of temporary custody in favor of Maternal Aunt 1 to an order of legal custody in favor of Maternal Aunt 2. CCDCFS expressed that a disposition of legal custody was appropriate because Mother failed to complete the objectives of her case plan for reunification. In addition, the agency reiterated its position that legal custody in favor of Maternal Aunt 2 was in the children's best interests, stating:

> [Maternal Aunt 2] is able to provide for the needs of the children on a daily basis and is willing to provide a permanent home for the children. Though the court ultimately ordered that the children be placed in the temporary custody of [Maternal Aunt 1], the children have been living with [Maternal Aunt 2] since September of 2017.

{¶ 12} In response to CCDCFS's motion, Mother filed a motion for legal custody pursuant to R.C. 2151.353(A)(3), which permits the court to "award legal

custody of the child to either parent or any other person, who prior to the dispositional hearing, files a motion requesting legal custody of the child."

{¶ 13} On June 4, 2019, the trial court terminated its previous order committing the children to the temporary custody of Maternal Aunt 1. The children were committed to the temporary custody of CCDCFS and the matter was set to resolve the pending motions for legal custody. Throughout these proceedings, the children remained in the home of Maternal Aunt 2.

{¶ 14} A dispositional hearing was held on December 20, 2019. At the conclusion of the hearing, the magistrate issued a decision, dated January 2, 2020, committing the children to the legal custody of Maternal Aunt 2. The magistrate found, in relevant part:

> [CCDCFS] made reasonable efforts to finalize the permanency plan for the child[ren] and to make and finalize an alternative permanent placement. These efforts included the following services: Mother was referred for mental health services, substance abuse services, parenting services, and basic needs (housing). Mother was initially referred for case plan services in August of 2017. Mother started to engage in substance abuse treatment in September of 2019. Mother tested positive for marijuana at the substance abuse intake evaluation in September of 2019. Mother refused to comply with monthly drug testing as requested by [CCDCFS]. Mother refused to sign a release form. For this reason, the social worker could not verify whether or not Mother was compliant with her mental health services. Mother has never allowed the social worker into her home. The social worker therefore could not verify if Mother had appropriate housing to meet the basic needs of the child[ren]. [L.C.] was referred for parenting classes, basic needs (housing), and to establish paternity. According to the social worker, [L.C.] did establish paternity. Mother and Father were both referred to parenting classes in April of 2019. Both Mother and Father were unsuccessfully discharged from the parenting classes in August of 2019 for lack of participation. [L.C.] also never provided a home address to the social worker. The social worker could not verify

if [L.C.] had appropriate housing to meet the basic needs of the child[ren.]

{¶ 15} In separate journal entries, dated January 17, 2020, the trial court adopted the magistrate's decision and committed the children to the legal custody of Maternal Aunt 2.

{¶ 16} In February 2020, appellants filed a joint motion for relief from judgment pursuant to Civ.R. 60(B)(5). The motion argued that it was necessary to vacate the trial court's January 17, 2020 judgment because the parties were not provided with a reasonable opportunity to respond to the magistrate's January 2, 2020 decision. Appellants alleged that they were not adequately served with the magistrate's decision and, therefore, did not have an opportunity to submit timely objections. While the motion for relief from judgment was pending before the trial court, however, the appellants filed the instant appeal.

## II. Law and Analysis

### A. Notice of Magistrate's Decision

{¶ 17} In their first assignment of error, appellants assert that neither they, nor their legal representatives, were adequately served with the magistrate's January 2, 2020 decision. Appellants argue that while no attempt was made to mail the decision to an address provided by Maternal Aunt 1, the decision mailed to Mother was sent to an outdated address. Thus, appellants contend that they were unconstitutionally deprived of the opportunity to file written objections to the magistrate's decision.

{¶ 18} Pursuant to Juv.R. 40(D)(3)(a)(iii),

[a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served on all parties or their attorneys no later than three days after the decision is filed.

{¶ 19} In turn, Juv.R. 20(B) provides as follows:

Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service is ordered by the court upon the party. Service upon the attorney or upon the party, and proof of service, shall be made in the manner provided in Civ. R. 5(B). * * *.

{¶ 20} Relevant to this appeal, Civ.R. 5(B)(2)(f) states that a document is served in accordance with the rule where it is sent

by electronic means to * * * a[n] e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served.

{¶ 21} In this case, the record reflects that the magistrate's decision was served upon counsel for each party via electronic mail on January 3, 2020, at 9:51.31 a.m. The email addresses utilized by the clerk of courts are consistent with the e-mail addresses provided by counsel for Mother and Maternal Aunt 1 during the underlying proceedings, and there is no information in the record to suggest that counsel for Mother or Maternal Aunt 1 notified the serving party that the magistrate's decision was not timely received. Moreover, because our review is confined to the record, we are unpersuaded by the appellants' reliance on purported statements by counsel that were made during private, off-the-record, conversations. Under these circumstances, we find service was sufficiently completed in accordance with Juv.R. 40, Juv.R. 20, and Civ.R. 5.

{¶ 22} Appellants' first assignment of error is overruled.

## B. Motion for Relief from Judgment

{¶ 23} In their second assignment of error, appellants argue the trial court erred by failing to grant their joint motion for relief from judgment pursuant to Civ.R. 60(B)(5). Appellants reiterate their position that the trial court's judgment committing the children to the legal custody of Maternal Aunt 2 must be vacated because they were not provided the opportunity to object to the magistrate's decision. We find no merit to appellants' position.

{¶ 24} In this case, appellants' motion for relief from judgment was filed just one day before the instant notice of appeal was filed. In this regard, the filing of the notice of appeal divested the trial court of its jurisdiction to consider the pending motion for relief from judgment. *See Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994) ("an appeal divests trial courts of jurisdiction to consider Civ.R.60(B) motions for relief from judgment"). For this reason, the motion for relief from judgment has not been addressed by the trial court. In addition, the notice of appeal filed in this case exclusively referenced the final judgment entered by the trial court on January 17, 2020; it does not identify a judgment entry pertaining to the pending Civ.R. 60 motion. *See* Loc.App.R. 4(C).

{¶ 25} In the absence of a final appealable issue, we decline to address the arguments pertaining to appellants' motion for relief from judgment. Appellants' second assignment of error is overruled.

## C. Ineffective Assistance of Counsel

{¶ 26} In their third assignment of error, appellants argue Mother was deprived of effective assistance of counsel during the December 20, 2019 hearing.

{¶ 27} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 28} This court has recognized that "the right to effective assistance of trial counsel attaches only to criminal proceedings and to proceedings for the permanent, involuntary termination of parental rights." *See In re M.I.S.*, 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178, ¶ 26, citing *Jones v. Lucas Cty. Children Servs. Bd.*, 46 Ohio App.3d 85, 86, 546 N.E.2d 471 (6th Dist.1988). However, this court has not extended the constitutional guarantee of effective assistance of counsel to legal custody proceedings.[1] We decline to do so in this case. Nevertheless, even if this court were to consider the merits of appellants' ineffective assistance of counsel claim, we find it to be unpersuasive.

---

[1] The Fifth District has declined to expand the doctrine of ineffective assistance of counsel to a legal custody action. *In re J.M.*, 5th Dist. Fairfield No. 18-CA-25, 2019-Ohio-520, ¶ 62; *In re A.H.*, 5th Dist. Richland No. 18CA96, 2019-Ohio-1509, ¶ 46. However, the Ninth District has previously reviewed ineffective assistance of counsel claims that relate to the adequacy of representation during legal custody proceedings. *In re A.E.*, 9th Dist. Lorain No. 17CA011192, 2018-Ohio-2349, ¶ 12; *In re S.G.*, 9th Dist. Summit No. 27428, 2015-Ohio-2503.

{¶ 29} To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation and (2) that he was prejudiced by that performance. *Strickland* at 687-688. Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶ 30} In deciding a claim of ineffective assistance, reviewing courts indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance, and defendants must therefore overcome the presumption that the challenged action might be considered sound trial strategy. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 31} On appeal, appellants broadly assert that counsel's performance fell below an objective standard of reasonableness because "he kept his silence for most of the hearing and * * * when he did speak, seemed unprepared at best." Although the appellants do not reference specific portions of the transcript of the proceedings to support their position, they nevertheless argue "the results of this matter could have been very different had previous counsel been competent in the courtroom."

{¶ 32} After a thorough review of the record, we are unable to conclude that counsel for Mother was unprepared to try the case or otherwise rendered ineffective assistance of counsel. Counsel thoroughly cross-examined CCDCFS's sole witness and, when necessary, adamantly argued on behalf of Mother's request to keep her

children together and in the legal custody of Maternal Aunt 1. However, given the evidence supporting the agency and the GAL's recommendations in this case, the trial court reasonably concluded that granting legal custody to Maternal Aunt 2 was in the children's best interests. Consequently, appellants have failed to demonstrate that Mother was prejudiced by counsel's representation during the dispositional hearing.

{¶ 33} Appellants' third assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR